EDMUND STRUDWICK NASH, TRADING AND DOING BUSINESS AS NASH PROPER-
TIES, INC. v. ROBERT L. YOUNT AND WILLIAM E. BUTNER, TRADING AND
DOING BUSINESS AS WILKES INDUSTRIAL PARK

No. 7723SC405

(Filed 21 March 1978)

1. **Brokers and Factors § 1.1— exclusive listing contract—interpretation of exclu-
sion of land**

   A contract giving plaintiff real estate broker the exclusive right to sell
property owned by defendants in an industrial park, but excluding "land lying
east of Cub Creek, adjoining Elmer Lowe's property and north of State Road
servicing Tom Thumb Plant," was not ambiguous and could only be inter-
preted to exclude property which was both east of Cub Creek and north of the
State Road servicing the Tom Thumb Plant. Therefore, defendants could not
offer evidence to explain the terms of the contract.

2. **Brokers and Factors § 6— exclusive listing contract—assumption of debt by
purchasers—gross consideration—right to commissions**

   Where an exclusive listing contract gave plaintiff real estate broker the
right to a commission of 10% of the "gross consideration" upon a sale or ex-
change of the listed property by plaintiff or anyone else, and defendant owners
conveyed the property in return for an assumption by the purchasers of an in-
debtedness of $214,000.00 secured by deeds of trust on the property, the gross
consideration to defendant owners within the meaning of the contract was
$214,000.00, and plaintiff is entitled to a commission of $21,400.00.

APPEAL by defendants from *Crissman, Judge.* Judgment
entered 3 May 1977 in Superior Court, WILKES County. Heard in
the Court of Appeals 1 March 1978.

The plaintiff, who is in the real estate business in Wilkes
County, entered into a contract on 13 January 1975 with the
defendants. Under the terms of this contract, the plaintiff agreed
to make a diligent effort to secure a purchaser, by advertising or
otherwise, for certain property owned by the defendants. In ex-
change for this promise, the defendants agreed to pay a commis-
sion to the plaintiff of ten percent "of the gross consideration
upon the sale or exchange of said property, whether made by
[plaintiff] or any other person during the period" of three months
from 13 January 1975. The property which was the subject of the
listing was described as:

    "Approximately 125 acres known as Wilkes Industrial
Park, lying west of Oakwoods Road, South of By-Pass 421,

Wilkes County, N.C. EXCLUDED from this contract is that land lying east of Cubb Creek adjoining Elmer Lowe's property and north of State Road servicing Tom Thumb Plant."

By deeds recorded 10 April 1975, the defendants conveyed certain property which the plaintiff contends was the property for which he had an exclusive listing.

The plaintiff made a motion for summary judgment. At the hearing on this motion the plaintiff relied on the pleadings, answers to interrogatories and an affidavit by plaintiff. The defendants' answers to the interrogatories revealed that the land sold was in Wilkes Industrial Park and west of Cub Creek. The answers to interrogatories also revealed that the consideration for the sale of the lots was the assumption by the purchasers of indebtedness totaling $214,000.00 secured by deeds of trust on the property.

Judge Crissman allowed the plaintiff's motion and entered judgment for $21,400.00 for the plaintiff. This appeal followed.

*McElwee, Hall and McElwee, by William H. McElwee III, for plaintiff appellee.*

*William E. Butner and J. Richardson Rudisill, Jr., for defendant appellants.*

WEBB, Judge.

[1]  We hold that Judge Crissman was correct and the judgment must be affirmed. It seems clear that there is no genuine issue as to the following facts: The plaintiff and defendants entered into a contract under the terms of which the plaintiff was to receive a ten percent commission on property sold. Excluded from the property on which the plaintiff was to receive the commission was "land lying east of Cubb Creek, adjoining Elmer Lowe's property and north of State Road servicing Tom Thumb Plant." The sale was made within the listing period.

If the phrase in quotation marks above is ambiguous, the motion for summary judgment should not have been allowed. We hold that it is not ambiguous. By the use of the conjunction "and," we hold that the contract can only be interpreted to mean that in order for property to be excluded from the listing, it must be

both east of Cub Creek and north of the State Road serving the Tom Thumb Plant.

The defendants contend that the language is ambiguous because they interpret it as excluding all the land east of Cub Creek and also all the land north of the road serving the Tom Thumb Plant. They also contend that the description does not mention a valuable building which was on a part of the property and the parties would have mentioned this building if they had intended to include it. The defendants also contend they could have offered evidence as to the proper interpretation of the contract.

Since we have held the terms of the contract are not ambiguous, the express language of the contract controls and not what either party thought the agreement to be. *Crockett v. Savings and Loan Association,* 289 N.C. 620, 224 S.E. 2d 580 (1976). When the terms of a contract are not ambiguous, the court and not a jury will interpret it. *Brokers, Inc. v. Board of Education,* 33 N.C. App. 24, 234 S.E. 2d 56 (1977).

[2] The defendants also contend that damages in the amount of $21,400.00 should not have been awarded. They contend that no tangible res was received from which to pay a commission, that the consideration was the assumption by the buyer of an indebtedness and the defendants will not receive anything of actual value except as the indebtedness is paid. We do not take such a view of the term "gross consideration." We believe it means the total consideration before deductions for expenditures or other things. See the definition of "gross earnings" in Black's Law Dictionary, Rev. 4th Ed., at page 599. We hold that when the purchasers of the property assumed an indebtedness of $214,000.00, the gross consideration to the defendants was $214,000.00. The plaintiff was entitled to a commission of $21,400.00.

The judgment of the Superior Court is

Affirmed.

Judges BRITT and HEDRICK concur.