HAROLD K. AUTRY, BY HIS GUARDIAN AD LITEM, HAROLD C. AUTRY v. AETNA LIFE AND CASUALTY INSURANCE COMPANY AND JOHNNY NETHERCUTT

No. 7713SC379

(Filed 21 March 1978)

1. Insurance § 69.2— definition of "uninsured motor vehicle"

An "uninsured motor vehicle" within the purview of G.S. 20-279.21(b)(3) is a vehicle which should be insured under the Motor Vehicle Safety and Financial Responsibility Act but is not or a vehicle which, though not subject to compulsory insurance under that Act, is at some time operated on the public highways.

2. Insurance § 69.2— uninsured motorists provision— unregistered motorcycle on private property

The uninsured motorists provision of an automobile liability policy does not cover accidents on private property involving motor vehicles not subject to the registration and compulsory insurance provisions of the motor vehicle financial responsibility statutes. Therefore, the uninsured motorists provision of plaintiff's automobile policy did not provide coverage for injuries to plaintiff's minor son when he was struck by a three-wheel custom-built motorcycle being driven by defendant in his own yard where the motorcycle was not equipped so that it could pass the inspection required for the issuance of N. C. license plates, and defendant had never operated the motorcycle on a public highway and did not intend to do so until he made the necessary repairs in order for the motorcycle to pass inspection.

APPEAL by plaintiffs from *Bailey, Judge.* Judgment entered 21 March 1977 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 10 February 1978.

The minor plaintiff Harold K. Autry, by and through his guardian ad litem Harold C. Autry, instituted an action against defendants to recover for injuries sustained as a result of the alleged negligence of defendant Nethercutt. Plaintiff Harold C. Autry, father of the minor plaintiff, also instituted an action in his individual capacity seeking to recover medical expenses incurred as a result of the aforesaid injuries sustained by the minor plaintiff. Both plaintiffs joined Aetna Life and Casualty Insurance Company as a defendant alleging that defendant Aetna is liable for the damages and expenses under the uninsured motorists clause in plaintiff father's automobile insurance policy.

Defendants answered and denied liability.

By agreement of parties, the cases were consolidated for trial and tried before Judge Bailey without a jury. The parties stipulated that the issues to be resolved were as follows: (1) Was the plaintiff injured and damaged by the negligence of defendant Nethercutt; (2) what amount, if any, is plaintiff entitled to recover for his injuries and damages; and (3) was the vehicle being operated by defendant Nethercutt at the time in question an uninsured motor vehicle according to the provisions of plaintiff's insurance policy with defendant Aetna and the applicable laws of North Carolina.

Upon conclusion of the trial, the trial court made findings of fact. We summarize so much of the court's findings of fact as is necessary for a decision, the numbering of the paragraphs being ours:

(1) On 24 November 1975, the minor plaintiff Harold K. Autry was injured when struck by a 1972 custom-built three-wheel motorcycle being operated in a negligent manner by defendant Nethercutt.

(2) The accident occurred while defendant Nethercutt was operating the vehicle in his own yard, and not on any public property or any public road or highway.

(3) The Nethercutt vehicle was originally designed to travel on public highways, however, at the time and place of the accident the vehicle had no brakes, no horn, the lights were not operating, the vehicle could not pass the inspection required for issuance of license plates and no North Carolina license plate had been issued to such vehicle. The vehicle was powered by a four-cylinder Volkswagen automobile engine which was located over the rear axle. There was only one seat and that seat was not secured to the vehicle at the time of the accident. The vehicle is so designed that it is difficult or impossible to control at high speeds.

(4) The vehicle had been registered with the North Carolina Department of Motor Vehicles by its former owner, but defendant Nethercutt never filed an application for a new certificate of title with the Department of Motor Vehicles. Defendant Nethercutt never operated the vehicle on any public highway and did not intend to operate it on any public highway until he made such

repairs as were necessary in order for the vehicle to pass inspection and be eligible for a North Carolina license plate as required by law for operation on public highways.

(5) In view of the nature in which defendant Nethercutt had used the vehicle, it was not required to be registered with the Department of Motor Vehicles and could not have been so registered in its then condition.

(6) With respect to the ownership, maintenance or use of such vehicle, there was neither cash or securities on file with the Commissioner of Motor Vehicles, nor a bodily injury and property damage liability bond or insurance policy applicable to the owner. In addition, the owner had not qualified as a self-insurer.

(7) The automobile liability policy issued by defendant Aetna to plaintiff father contained an uninsured motorist clause.

The trial court concluded that as a result of the negligence of defendant Nethercutt, plaintiffs were entitled to recover $6,705.05. In addition, the trial court concluded that plaintiffs were not entitled to recover from defendant Aetna for the reason that the vehicle being operated by defendant Nethercutt at the time of the minor plaintiff's injury was not an "uninsured motor vehicle" within the meaning of the applicable North Carolina Statutes or the provisions of the plaintiff's insurance policy.

From that portion of the judgment denying recovery from defendant Aetna, plaintiffs appeal to this Court.

*Ray H. Walton, for the plaintiffs.*

*Poisson, Barnhill, Butler & Britt, by M. V. Barnhill, Jr., for the defendants.*

MARTIN, Judge.

The sole question before this Court is whether defendant Nethercutt's three-wheeled vehicle, at the time and place of the incident in question, was an "uninsured motor vehicle" within the meaning of the applicable statutory provisions and provisions of plaintiff's insurance policy.

G.S. 20-279.21(b)(3) provides for the inclusion of "uninsured motorists coverage" as a compulsory part of any automobile

liability policy delivered with respect to a "motor vehicle registered or principally garaged in this State." For purposes of determining the extent of coverage under the uninsured motorists endorsement of an automobile liability policy, this subsection defines "uninsured motor vehicle" as follows:

> ". . . [A]n 'uninsured motor vehicle' shall be a motor vehicle as to which there is no bodily injury liability insurance and property damage liability insurance in at least the amounts specified in subsection (c) of G.S. 20-279.5 . . . or there is no bond or deposit of money or securities as provided in G.S. 20-279.24 or 20-279.25 in lieu of such bodily injury and property damage liability insurance, or the owner of such motor vehicle has not qualified as a self-insurer under the provisions of G.S. 20-279.33, or a vehicle that is not subject to the provisions of the Motor Vehicle Safety and Financial Responsibility Act; but the term 'uninsured motor vehicle' shall not include:
>
> a. A motor vehicle owned by the named insured;
>
> b. A motor vehicle which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;
>
> c. A motor vehicle which is owned by the United States of America, Canada, a state, or any agency of any of the foregoing (excluding, however, political subdivisions thereof);
>
> d. A land motor vehicle or trailer, if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle; or
>
> e. A farm-type tractor or equipment designed for use principally off public roads, except while actually upon public roads."

In almost identical language, the foregoing definition is incorporated into the automobile liability policy issued by defendant Aetna to plaintiff.

In view of the above quoted definition, the trial court's specific findings with respect to the three-wheeled vehicle—that

there was neither cash or securities on file, nor a liability bond or insurance policy applicable to the owner — were tantamount to a finding that the vehicle in question was *uninsured*. Based on this fact, plaintiffs argue that Nethercutt's three-wheeled vehicle, powered by a Volkswagen engine, was obviously a "motor vehicle" and consequently, an "uninsured motor vehicle" within the meaning of the statute. With this interpretation of the statutory term we cannot agree.

In ascertaining the intended meaning of "uninsured motor vehicle," and thus determining the scope of the statutory uninsured motorists provision as incorporated into plaintiff's policy, we note at the outset that the uninsured motorists section must be considered in light of the "Motor Vehicle Safety and Financial Responsibility Act" (the Act) which it amended. *See Buck v. Guaranty Co.*, 265 N.C. 285, 144 S.E. 2d 34 (1965). That Act, G.S. 20-279.1 *et seq.*, was intended to protect those who might be injured on the public highways of this State by providing assurance of the financial responsibility of all who operate motor vehicles on the public highways. *Harrelson v. Insurance Co.*, 272 N.C. 603, 158 S.E. 2d 812 (1967). This concern was effectuated by requiring registration of and proof of financial responsibility from any motor vehicle designed to be operated upon the public highways and intended by its owner to be so operated. G.S. 20-50; G.S. 20-309. However, it became immediately apparent that this statutory scheme accorded no protection to one injured by the negligent operation of a motor vehicle which was in fact *uninsured*, whether in willful disobedience of the registration and compulsory insurance statutes or as a result of an exemption from the requirements thereof. The uninsured motorists section of G.S. 20-279.21 was enacted in order to close these "gaps" in the motor vehicle financial responsibility legislation and thus, to provide financial recompense to innocent persons who receive injuries through the wrongful conduct of motorists who are uninsured and financially irresponsibile. *Moore v. Insurance Co.*, 270 N.C. 532, 155 S.E. 2d 128 (1967).

[1] Construing "uninsured motor vehicle" in light of the foregoing, we must conclude that the term is intended to include motor vehicles which should be insured under the Act but are not, and motor vehicles which, though not subject to compulsory insurance under the Act, are at some time operated on the public highways.

Only in these instances is the uninsured motorists provision serving its intended purpose of complementing the original Act and furthering the financial protection accorded thereby to persons injured by motor vehicles *on the public highways.* This purpose would not be served by interpreting the uninsured motorists provision so as to cover accidents involving motor vehicles not subject to compulsory insurance and which occur on private property. Such an interpretation would result in absolute financial protection against injury by motor vehicle, a concept neither contemplated nor intended by the original Act.

[2]   In the instant case, the trial court found as fact that defendant Nethercutt never operated the three-wheeled vehicle on any public highway and did not *intend* to do so until he made such repairs as were necessary in order for the vehicle to pass inspection. In view of defendant's use of the vehicle and considering its condition, the court concluded that the three-wheeled vehicle was not required to be registered; thus, it was not subject to compulsory insurance. In addition, the court found that the accident occurred on private property, not on any public road or highway. In our opinion, the uninsured motorists provision was not intended to provide financial recompense to one injured on private property by a vehicle not subject to the registration and compulsory insurance provisions of our motor vehicle financial responsibility legislation.

Accordingly, we find that at the place of the accident and in its then condition, defendant's three-wheeled vehicle was not an "uninsured motor vehicle" within the intended scope of the uninsured motorists provisions so as to entitle plaintiffs to coverage thereunder. The trial court's judgment precluding recovery from defendant Aetna is affirmed.

Affirmed.

Judges PARKER and ARNOLD concur.