GEORGE M. CLELAND, ADMINISTRATOR C.T.A. OF THE ESTATE OF W. BRYAN WHITE AND DOROTHY S. WHITE v. THE CHILDREN'S HOME, INC.

No. 8221SC1064

(Filed 20 September 1983)

**Contracts § 12.2- ambiguous contract—summary judgment inappropriate**
　　　Where a charitable institution conveyed several lots of land to plaintiff, where several of the lots were exempt from taxation while owned by defendant, and where the deeds delivered at closing contained a provision indicating

Cleland v. Children's Home

the conveyance was subject to ad valorem taxes on any portions of the property conveyed which were "currently taxable," summary judgment for either party was inappropriate since, under the circumstances of the case, more than one interpretation of the words "currently taxable" could be reasonable as a matter of law and the ambiguity should be resolved by a jury.

Judge WEBB dissenting.

APPEAL by defendant from *Wood (William Z.), Judge.* Judgment entered 28 June 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 30 August 1983.

The following facts are undisputed. On 31 March 1978 defendant Children's Home entered into a sale-purchase agreement with W. Bryan White Realty Co., Inc. for the sale of approximately 405 acres of land. The agreement contained the following provision:

5. The sale and purchase of the aforesaid property under this Agreement shall be closed . . . at 10:00 A.M., Monday, July 3, 1978, or such earlier date as shall be mutually agreeable to the parties. At the closing . . . the Seller shall deliver to the Purchaser a good and sufficient deed conveying the aforesaid property . . . free and clear of all liens and encumbrances, except . . . 1978 ad valorem taxes on any portions of said property which are subject to taxation, such taxes to be prorated, on a calendar year basis, as of the date of closing.

The parties later agreed to change the closing date from 3 July 1978 to 2 June 1978. On that date W. Bryan White and his wife Dorothy S. White, as assignee and designee of the realty company, purchased the property from the defendant pursuant to the agreement. The deed delivered at closing contained the following provision:

(c) This conveyance is also subject to 1978 ad valorem taxes on any portions of the property hereby conveyed which are currently taxable.

The record reveals that two of the lots conveyed in this transaction were subject to ad valorem taxes while owned by the defendant. The remaining lots were tax exempt while owned by the defendant because the lots were used for charitable purposes

under N.C. Gen. Stat. Chap. 105, Art. 12. Upon transfer to a non-charitable purchaser, however, these lots lost their exempt status and became subject to 1978 ad valorem taxes under N.C. Gen. Stat. Sec. 105-285(d), which provides:

> (d) Real Property.—The value of real property shall be determined as of January 1 of the years prescribed by G.S. 105-286 and 105-287. The ownership of real property shall be determined annually as of January 1, except in the following situation: When any real property is acquired after January 1, but prior to July 1, and the property was not subject to taxation on January 1 on account of its exempt status, it shall be listed for taxation by the transferee as of the date of acquisition and shall be appraised in accordance with its true value as of January 1 preceding the date of acquisition; and the property shall be taxed for the fiscal year of the taxing unit beginning on July 1 of the year in which it is acquired. The person in whose name such property is listed shall have the right to appeal the listing, appraisal, and assessment of the property in the same manner as that provided for listings made as of January 1.

On 15 November 1978 city and county ad valorem taxes of $24,070.50 were assessed against the property. Plaintiffs paid this amount and then demanded partial reimbursement from defendant in the amount of $10,089.83. Defendant denied any obligation for taxes assessed on property that was exempt prior to the conveyance and refused to reimburse plaintiffs.

Both parties moved for summary judgment. From grant of summary judgment for plaintiffs, defendant appealed.

*Block, Meyland & Lloyd, by A. L. Meyland for the plaintiffs, appellees.*

*Womble, Carlyle, Sandridge & Rice, by W. F. Womble, Sr. and Allan R. Gitter for the defendant, appellant.*

HEDRICK, Judge.

The defendant assigns error to the trial court's denial of its motion for summary judgment and to the granting of plaintiffs' motion for summary judgment. The defendant contends that the

deed provision governing apportionment of ad valorem taxes is clear and unambiguous. It further contends that the provision establishes as a matter of law that defendant is not obligated to pay any portion of taxes assessed on property that was exempt from taxation immediately prior to the conveyance.

Summary judgment is proper only if "there is no genuine issue as to any material fact. . . ." G.S. 1A-1, Rule 56(c). The law in North Carolina is well settled that "[w]henever a court is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment of its execution." *Lane v. Scarborough*, 284 N.C. 407, 409-10, 200 S.E. 2d 622, 624 (1973). A contract that is plain and unambiguous on its face will be interpreted by the court as a matter of law. *Id.* at 410, 200 S.E. 2d at 624; *Nash v. Yount*, 35 N.C. App. 661, 242 S.E. 2d 398, *disc. rev. denied*, 295 N.C. 91, 244 S.E. 2d 259 (1978). If an agreement is ambiguous, on the other hand, and the intention of the parties unclear, interpretation of the contract is for the jury. *Silver v. Board of Transportation*, 47 N.C. App. 261, 270, 267 S.E. 2d 49, 55 (1980). "[I]f the writing itself leaves it doubtful or uncertain as to what the agreement was, parol evidence is competent . . . to show and make certain what was the real agreement between the parties; and in such a case what was meant, is for the jury, under proper instructions from the court." *Root v. Insurance Co.*, 272 N.C. 580, 590, 158 S.E. 2d 829, 837 (1968) (citations omitted).

In the present case, the defendant, a charitable institution, conveyed several lots of land to plaintiff. Two of these lots were subject to ad valorem taxes while owned by the defendant. The remaining lots were exempt from taxation while owned by defendant because of the charitable use to which they were put. Transfer of these lots to a non-charitable purchaser prior to 1 July 1978 caused the property to be treated as if it had been non-exempt for the entire year under the provisions of N.C. Gen. Stat. Sec. 105-285(d). It is in light of these circumstances that the words "currently taxable" must be considered. While the words appear clear and unambiguous, their meaning is less certain when they are considered in the context of all the circumstances surrounding the transaction. The defendant contends that the words reflect the parties' intention to limit defendant's liability to its pro-rata share of taxes assessed on the two non-exempt lots — that only

Cleland v. Children's Home

this land was "currently taxable." Plaintiffs contend that the agreement fixed defendant's obligation to pay its share of taxes on any land eventually determined to be subject to the 1978 ad valorem taxes. Because neither interpretation of the words "currently taxable" can be said to be unreasonable as a matter of law, the provision must be treated as ambiguous. Ambiguities in contracts are to be resolved by the jury upon consideration of "the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time." *Silver v. Board of Transportation*, 47 N.C. App. 261, 268, 267 S.E. 2d 49, 55 (1980) (citation omitted). Because a genuine issue of material fact exists in regard to the intention of the parties, summary judgment was not appropriate. Summary judgment for plaintiff is thus vacated and the cause is remanded to Superior Court for further proceedings.

Vacated and remanded.

Judge WEBB dissents.

Judge HILL concurs.

Judge WEBB dissenting.

I dissent. I believe the words of the contract can be interpreted without resort to a jury trial. The contract provides that the property shall be conveyed "free and clear of all liens and encumbrances, except . . . 1978 ad valorem taxes on any portions of said property which are subject to taxation, such taxes to be prorated, on a calendar year basis, as of the date of closing." As I understand this language it provides that there are no encumbrances on the land except possibly 1978 ad valorem taxes. If there were any 1978 taxes on the property the taxes were to be apportioned. There were 1978 ad valorem taxes on the property and the taxes should have been apportioned. I believe the parties did not anticipate what happened. If they had done so we do not believe they would have closed the transaction before 1 July 1978. Nevertheless, the parties did close before 1 July 1978 making the property subject to 1978 ad valorem taxes. The contract provides that in such event the taxes were to be prorated. I vote to affirm the judgment of the Superior Court.