**CORBETT v. SMITH**

[131 N.C. App. 327 (1998)]

KRISTY LYN CORBETT, Plaintiff v. HAL SMITH, Defendant

No. COA98-65

(Filed 3 November 1998)

**Insurance— coverage—uninsured vehicle—ATV—excluded**

The trial court did not err by granting summary judgment for State Farm in a negligence action arising from an ATV accident where the ATV was excluded from policy coverage by language which excludes "equipment designed for use principally off public roads."

Appeal by plaintiff from judgment entered 11 March 1996 by Judge G.K. Butterfield in Johnston County Superior Court. Heard in the Court of Appeals 17 September 1998.

*Lucas, Bryant, & Denning, P.A., by Sarah E. Mills for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Steven M. Sartorio, for defendant-appellee.*

HUNTER, Judge.

Plaintiff filed an action against defendant alleging that she was injured when defendant negligently caused his all-terrain vehicle (ATV) to overturn while plaintiff was riding on the back. The ATV was not insured by defendant, however, plaintiff's insurance with State Farm Mutual Automobile Insurance Company (State Farm) included coverage for bodily injury caused by an "uninsured motor vehicle." State Farm was served with a copy of the summons and complaint against defendant and appeared as an uninsured motorist carrier pursuant to the provisions in N.C. Gen. Stat. § 20-279.21(b)(3)(a). State Farm made a motion to dismiss on the grounds that the ATV was not included as an "uninsured motor vehicle" as defined by the State Farm policy issued to plaintiff and the North Carolina Motor Vehicle Financial Responsibility Act. Summary judgment was granted in favor of State Farm on 11 March 1996 and plaintiff gave notice of appeal on 2 April 1996. This Court found that the appeal was interlocutory and the lawsuit against defendant proceeded to trial. *Corbett v. Smith*, slip op. (No. COA96-633, filed 7 January 1997). Defendant failed to appear and judgment was entered against him in the amount of $425,000.00. On 5 November 1997, plain-

tiff again filed notice of appeal of the order granting summary judgment in favor of State Farm and that appeal is now properly before this Court.

Plaintiff's policy with State Farm insures her for bodily injury caused by an "uninsured motor vehicle." On appeal, plaintiff contends that her policy is ambiguous as to whether defendant's ATV was a "motor vehicle" within the terms of the contract and, because of the ambiguity, the interpretation of the contract should have been left to a jury.

It is well-established that "[a] contract that is plain and unambiguous on its face will be interpreted by the court as a matter of law." *Cleland v. Children's Home*, 64 N.C. App. 153, 156, 306 S.E.2d 587, 589 (1983) (citations omitted). "If an agreement is ambiguous, on the other hand, and the intention of the parties unclear, interpretation of the contract is for the jury." *Id.* (citation omitted). The question before this Court is whether the definition of the term "uninsured motor vehicle" within the State Farm policy is unambiguous as a matter of law and, therefore, whether the trial court erred by granting summary judgment.

The State Farm policy language in question appears in "Part C—Uninsured Motorists Coverage" and states an "uninsured motor vehicle does not include any vehicle or equipment . . . [w]hich is a farm type tractor or equipment designed mainly for use off public roads, while not on public roads." Plaintiff contends that the word "farm" in the exclusionary language is used to modify the words "tractor" and "equipment" and the ATV is neither a "farm tractor" nor "farm equipment." Plaintiff also contends that N.C. Gen. Stat. § 20-279.5 of the Motor Vehicle Safety and Financial Responsibility Act was not incorporated into plaintiff's policy with State Farm and, therefore, the statute should not be used to assist in interpreting the terms of the contract.

Our Supreme Court has found that "[t]he provisions of the Financial Responsibility Act are 'written' into every automobile liability policy as a matter of law, and, when the terms of the policy conflict with the statute, the provisions of the statute will prevail." *Insurance Co. v. Chantos*, 293 N.C. 431, 441, 238 S.E.2d 597, 604 (1977) (citations omitted). This precedent, along with the fact that the exclusionary language quoted from State Farm's policy is identical to the exclusionary language included in N.C. Gen. Stat. § 20-279.21(b)(3)(b)(e), supports the conclusion that any precedent

which has interpreted the ambiguity of the same exclusionary language in the statute or another contract should be considered in this case.

The uninsured motorists section of N.C. Gen. Stat. § 20-279.21 was enacted "to provide financial recompense to innocent persons who receive injuries through the wrongful conduct of motorists who are uninsured and financially irresponsible." *Autry v. Insurance Co.*, 35 N.C. App. 628, 632, 242 S.E.2d 172, 175 (1978) (citation omitted).

> Construing "uninsured motor vehicle" in light of the foregoing, we must conclude that the term is intended to include motor vehicles which should be insured under the Act but are not, and motor vehicles which, though not subject to compulsory insurance under the Act, are at some time operated on the public highways . . . [The] purpose [of the act] would not be served by interpreting the uninsured motorists provision so as to cover accidents involving motor vehicles not subject to compulsory insurance and which occur on private property. Such an interpretation would result in absolute financial protection against injury by motor vehicle, a concept neither contemplated nor intended by the original Act.

*Id.* at 632-633, 242 S.E.2d at 175.

In *Autry* this Court found that the three wheeled vehicle was not equipped to be operated on public highways, was not operated on public highways, and was not required to be registered with the Department of Motor Vehicles. *Id.* at 633, 242 S.E.2d at 175. Based on these findings, and in light of the purpose of uninsured motorist coverage, the Court determined the ATV was not a "motor vehicle" subject to compulsory insurance requirements. *Id.* Accordingly, the Court found that the vehicle was not an "uninsured motor vehicle" within the intended scope of the provisions of the insurance agreement or statute so as to entitle plaintiff to coverage thereunder. *Id.* at 633, 242 S.E.2d at 176.

The ATV in question in the case before us lacks rear view mirrors, directional signals, a horn, a speedometer, and does not have a differential on its back axle, making it difficult to drive on paved surfaces. The vehicle could not have passed inspection for operation on the highways or have been registered as a vehicle in North Carolina. There are warning labels on the vehicle stating that it is "designed and manufactured by Honda for off road use only" and defendant tes-

BOB KILLIAN TIRE, INC. v. DAY ENTERS., INC.

[131 N.C. App. 330 (1998)]

tified that the vehicle had never been driven on a public highway. In light of this evidence, and the precedent established by *Autry*, the term "uninsured motor vehicle" is not ambiguous within the State Farm policy and the ATV was excluded from policy coverage by the language which excludes "equipment designed for use principally off public roads." The order granting summary judgement is

Affirmed.

Judge McGEE concurs.

Judge WYNN concurred in result prior to 1 October 1998.