FIRST-CITIZENS BANK & TRUST COMPANY, PLAINTIFF-APPELLEE v. 4325 PARK ROAD ASSOCIATES, LTD., LAT W. PURSER, III, THOMAS E. NORMAN, AND E. JUDSON McADAMS, DEFENDANTS-APPELLANTS

No. COA98-977

(Filed 4 May 1999)

**1. Guaranty— contract—liability of individual guarantors limited—total liability not limited**

The trial court correctly entered judgment against defendants on a note individually rather than jointly and severally and correctly declined to amend or modify its judgment where defendants (the maker and guarantors of the $600,000 note) argued that language in the note limited their maximum total liability to $300,000. The plain language of an amendment to the note allowed plaintiff to pursue collection individually in an amount not in excess of $300,000.

**2. Attorneys— fees—guaranty agreement and note—one instrument**

Defendant-guarantors were liable for attorney fees in an action on a note where there was but one instrument signed by both maker and guarantors and that instrument provided for reasonable attorney fees.

Appeal by defendants from judgment entered 22 January 1998 and order entered 15 April 1998 by Judge Ronald E. Bogle in Mecklenburg County Superior Court. Heard in the Court of Appeals 31 March 1999.

On 3 September 1985, defendant 4325 Park Road Associates, Ltd. (maker), executed and delivered an installment note in the principal

sum of $600,000.00 to Mutual Savings & Loan Association, Inc. Lat W. Purser, III, Thomas E. Norman, and E. Judson McAdams (collectively, guarantors) executed guaranties of payment. First-Citizens Bank & Trust Company (plaintiff) is the successor-in-interest to Mutual Savings & Loan Association, Inc.

The installment note was secured by a deed of trust. Collateral was a restaurant facility in the Park Road Shopping Center in Charlotte. No collateral other than a leasehold interest was pledged to secure the indebtedness. The maker failed to make all payments due under the installment note held by plaintiff, and on 2 May 1996 plaintiff instituted this action against the maker and the guarantors (collectively, defendants) claiming a balance due on the note of $504,354.48 with interest accruing at the rate of $136.88 each day. As amended, the complaint sought judgment against each of the individual guarantors in the sum of $300,000.00, with the total recovery not to exceed $504,354.48 plus interest.

Defendants admitted execution of the installment note, admitted plaintiff's demand, but alleged that they were only liable for a total of $300,000.00 pursuant to the terms of the note, that more than $700,000.00 had been paid in interest and principal on the note since its execution, and that they were therefore discharged of all obligation under the note. They further moved that plaintiff be required to foreclose upon the security described in the deed of trust which secured the obligation, and moved that if plaintiff declined to do so that they then be discharged of their obligation under the installment note to the extent plaintiff's failure prejudiced them.

Plaintiff moved for summary judgment against defendants and the motion was granted. The trial court entered judgment against each in the sum of $300,000.00, with plaintiff's total recovery not to exceed $468,587.69, the amount due on the installment note on 16 October 1997, and interest on that amount until paid in full. The trial court also awarded plaintiff its costs and assessed attorney fees in the amount of fifteen percent (15%) against defendants. Within apt time, defendants moved pursuant to Rules 59(a)(7) and (9) of the North Carolina Rules of Civil Procedure that the trial court alter, amend or modify its judgment to provide for a recovery against all defendants, jointly and severally, in the total sum of $300,000.00 and costs. This motion was denied. Defendants appealed from entry of summary judgment, and from the denial of their motion to modify that judgment.

**FIRST-CITIZENS BANK & TR. CO. v. 4325 PARK RD. ASSOCS.**

[133 N.C. App. 153 (1999)]

*Ward and Smith, P.A., by Louise W. Flanagan and Michael P. Flanagan, for plaintiff appellee.*

*James H. Wade for defendant appellants.*

HORTON, Judge.

The issues for determination by this Court are (I) whether defendants are individually liable for the entire balance due on the installment note to a maximum of $300,000.00 each, or whether they are jointly and severally liable for a maximum amount of $300,000.00; and (II) whether defendant guarantors are liable for reasonable attorney fees pursuant to N.C. Gen. Stat. § 6-21.2.

I.

[1] All parties agree that they executed the installment note which is the subject of this litigation. The installment note is a form, described as FHLMC Uniform Instrument, Form 3301, and is designed for use in various states. The original obligation under the installment note was $600,000.00, with interest at 12.50% and initial monthly payments of $6,683.37. The note contains the following provision:

9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Prior to the execution of the note, the following paragraph was added at the end of the form installment note, following the signature lines:

The parties to this Note, being the Maker, Guarantors and Payee hereby acknowledge and agree that by acceptance of this Note the Payee, its successors and assigns, shall have full recourse rights to the security described in the Deed of Trust which secures this Note but shall not have any personal recourse

or right to pursue collection of the Guarantors or the maker individually for an amount in excess of $300,000.00. Execution, delivery and acceptance of this Promissory Note shall be conclusive proof of the agreement of the parties hereto to the provision herein set forth.

Defendant E. Judson McAdams then signed the note for 4325 Park Road Associates as maker, and the individual defendants Purser, Norman, and McAdams then signed as guarantors. Immediately before the signatures of defendants is the following statement: "The undersigned hereby personally guarantee payment of the indebtedness evidenced by this Note."

Defendants argue that the above language of the note limits their maximum total liability to $300,000.00, and that their liability is joint and several. We disagree.

It is well-established law that, when a contract is plain and unambiguous on its face, it will be interpreted by the courts as a matter of law. *Cleland v. Children's Home*, 64 N.C. App. 153, 156, 306 S.E.2d 587, 589 (1983). Parol evidence as to the parties' intent and other extrinsic matters will not be considered if the language of the contract is not susceptible to differing interpretations. *Bicket v. McLean Securities, Inc.*, 124 N.C. App. 548, 552-53, 478 S.E.2d 518, 521 (1996), *disc. review denied*, 346 N.C. 275, 487 S.E.2d 538 (1997). In this case, the plain language of the amendment to the note allows plaintiff to "pursue collection of the Guarantors or the maker individually for an amount [not] in excess of $300,000.00." Moreover, not only is the language of the note unequivocal, it would make little business sense for the holder of the note to advance the sum of $600,000.00 to the maker, but agree to limit the liability of the maker and its guarantors to a total of $300,000.00. The trial court correctly entered judgment for plaintiff and against defendants individually, rather than jointly and severally. It therefore follows that the trial court correctly declined to amend or modify its judgment. These assignments of error are overruled.

## II.  Liability for Attorney Fees

[2] Paragraph 7 of the Note sets out the rights of plaintiff to demand payment of overdue payments and, in the event of default, to demand payment "immediately [of] the full amount of principal . . . and all the interest . . . ." Section (E) of Paragraph 7 then provides that:

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

It is clear here that the maker defaulted in payments under the Note, and that plaintiff made demand for the full amount of principal due with interest. Under the above provision, plaintiff was entitled to "costs and expenses," including reasonable attorneys' fees. Pursuant to that provision and our applicable statute, N.C. Gen. Stat. § 6-21.2(2) (1997), the trial court awarded plaintiff "attorneys' fees in the amount of Fifteen Percent (15%) of the outstanding indebtedness . . . ."

Defendants complain that the guaranty agreement did not contain a provision requiring the guarantors to pay reasonable attorney fees in the event of a default by the maker, and cite *Credit Corp. v. Wilson*, 281 N.C. 140, 187 S.E.2d 752 (1972), in support of their position. In *Wilson* the maker signed a promissory note to plaintiff on 4 March 1966; the note included a provision for reasonable attorney fees in the event of a default. *Id.* at 141, 187 S.E.2d at 752. On 14 June 1966 the *Wilson* defendants signed a *separate* guaranty agreement which did not contain an agreement for attorney fees. *Id.* at 141, 187 S.E.2d at 753. As the guaranty agreement did not provide for attorney fees, our Supreme Court held that the guarantors were not liable for such fees under N.C. Gen. Stat. § 6-21.2(2). *Id.* at 146, 187 S.E.2d at 756. Here, however, there was but one instrument signed by both maker and guarantors. That instrument provided, as set out in detail above, for reasonable attorney fees upon default and the liability of all parties to the Note for those attorney fees.

As we discussed above, the paragraph which was added to the Note merely limits the individual liability of the guarantors and the maker to $300,000.00 *each*—it does not release the guarantors from their contractual liability for interest, costs, and reasonable attorney fees. This assignment of error is overruled.

Defendants also argue that, since the notice of acceleration of the Note, they paid the sum of $113,749.95 to plaintiff from the rentals they received on the restaurant which was collateral for the Note. They contend that full amount ought to be credited to their obligation under the Note. The record reflects that the amounts paid by defendants were correctly credited by plaintiff as interest and principal on

the Note, and substantially reduced the liability of defendants. No error in this regard appears in the judgment entered by the trial court, as it correctly reflected the balance due on the Note after giving defendants credit for all payments made by them.

We have carefully considered all other arguments and contentions made by defendants, but find them to be without merit. The trial court correctly concluded that there are no issues of material fact which require a jury trial and entered summary judgment for plaintiff. We note, however, that the judgment entered by the trial court could be read to say that each defendant is liable for a maximum of $300,000.00, *plus* a reasonable attorney fee. In order to avoid any uncertainty which might arise from such a reading of the judgment, we hold that the maximum liability of each defendant is $300,000.00, which amount *includes* any liability for interest, costs, and attorney fees. We note that counsel for plaintiff agreed with that interpretation during oral argument of this case. As clarified, the judgment of the trial court is affirmed.

Affirmed.

Judges LEWIS and TIMMONS-GOODSON concur.