TERRY WAYNE WOOD, Plaintiff v. JEREMY NUNNERY, et al., Defendants

No. COA11-750

(Filed 7 August 2012)

1. **Accord and Satisfaction—personal injury—no credit for payments to clerk's office**

    The trial court erred by declaring that the judgment entered against defendant in a personal injury case had been satisfied based on the payments of State Farm and Firemen's Insurance Company (Firemen's). Defendant was not entitled to a credit for payments made by Firemen's into the office of the clerk of superior court. On remand, the trial court may consider whether defendant was entitled to additional credits against the judgment, other than the $30,000 paid by State Farm.

2. **Discovery—motion to compel production—insurance policy—motion to compel disclosure—waiver of subrogation rights**

    The trial court did not err by denying plaintiff's motion to compel production of Firemen's Insurance Company's (Firemen's) insurance policy and to compel disclosure of whether Firemen's agreed to waive its subrogation rights because it was a matter for resolution between Firemen's and defendant, and was of no concern to plaintiff.

Appeal by plaintiff from order entered 29 December 2010 by Judge Edwin G. Wilson, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 11 January 2012.

*Maynard & Harris, Attorneys at Law, PLLC by C. Douglas Maynard, Jr. for plaintiff-appellant Terry Wayne Wood.*

*Bennett & Guthrie, P.L.L.C. by Rodney A. Guthrie and Roberta King Latham for defendant-appellee Jeremy Nunnery.*

*Horton Henry & Halvorsen, P.L.L.C. by R. Shane Walker for defendant-appellee Firemen's Insurance Company of Washington, D.C.*

STEELMAN, Judge.

The trial court erred in declaring that the judgment entered against defendant in a personal injury case had been satisfied.

## I. Factual and Procedural History

On 10 May 2006, Terry Wayne Wood (plaintiff) was injured in an automobile accident in Harnett County as a result of the negligence of Jeremy Nunnery (defendant). On 30 April 2009, plaintiff filed a complaint against defendant, North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau), and Firemen's Insurance Company of Washington, D.C. (Firemen's).

Farm Bureau was dismissed from the action and is not a party to this appeal. Firemen's is the underinsured motorist carrier for plaintiff's employer.[1] Defendant was insured at the time of the accident by State Farm Mutual Automobile Insurance Company (State Farm). On 26 May 2009, defendant filed an answer to the complaint. On 15 June 2009, Firemen's filed an answer to the complaint in its own name.

On 11 August 2010, a jury awarded plaintiff $300,000 in damages for his personal injuries, against defendant. On 31 August 2010, the trial court entered a judgment directing that plaintiff recover damages in the amount of $300,000.00 along with interest at the statutory rate of 8% from 30 April 2009 from defendant.[2] On 2 September 2010, State Farm paid its policy limit of $30,000 into the office of the Forsyth County Clerk of Court. On 13 September 2010, Firemen's paid $202,627.58 into the office of the Forsyth County Clerk of Court. Plaintiff had received workers' compensation benefits totaling more than $148,000.00. The amount of the lien of plaintiff's workers' compensation carrier was reduced, by agreement, to $50,000.00.

---

1. Apparently, plaintiff was operating a vehicle owned by his employer at the time of the accident. There is no dispute that Firemen's underinsured motorist policy is applicable to this case.

2. In accordance with N.C. Gen. Stat. § 24-5(b), the trial court awarded interest from the date of filing of the complaint. The judgment states that plaintiff "shall have and recover from Defendant Jeremy Nunnery compensatory damages in the amount of $300,000.00, interest on the compensatory damages at the legal rate of 8% from April 30, 2009 until the Judgment is satisfied[.]"

On 1 December 2010, defendant filed a motion for credit upon and satisfaction of the judgment and for Rule 11 sanctions against plaintiff's counsel. On 13 December 2010, plaintiff filed a response and moved for an order compelling Firemen's to divulge any agreement to waive subrogation rights and to produce the applicable insurance policy in effect on the date of the accident.

On 29 December 2010, the trial court entered an order declaring that the payments of $30,000.00 by State Farm and $202,627.58 by Firemen's paid into the office of the Clerk of Superior Court of Forsyth County constituted payment in full of the judgment and that the judgment was satisfied. The trial court denied defendant's motion for sanctions and plaintiff's motions.

Plaintiff appeals.

On appeal, Firemen's filed a brief that merely adopts the arguments of defendant and makes no independent arguments.

## II.  Satisfaction of Judgment

**[1]** In his first argument, plaintiff contends that the trial court erred in concluding that the payments of State Farm and Firemen's constituted satisfaction of the judgment entered against defendant. We agree.

The trial court held that the $30,000.00 from State Farm, $202,627.58 from Firemen's, and the net benefit of $98,000.00 in workers' compensation benefits ($148,000.00 less the reduced lien of $50,000.00) constituted a recovery to the plaintiff of at least $330,627.58. The trial court went on to hold that "the collective payments paid into the Office of the Clerk of Court of Forsyth County constitute full payment and satisfaction of the final Judgment entered herein." In making its ruling, the trial court cited to N.C. Gen. Stat. §§ 1-239, 20-279.21(b) and (e); *Manning v. Fletcher*, 324 N.C. 513, 379 S.E.2d 854 (1989); *Austin v. Midgett*, 166 N.C. App. 740, 603 S.E.2d 855 (2004); and *Walker v. Penn National*, 168 N.C. App. 555, 608 S.E.2d 107 (2005).

## A.  Bases of Liability

We initially note that the trial court conflated the concepts of the amounts owed by defendant as the tortfeasor in this matter and the amount owed by Firemen's as an underinsured motorist carrier (UIM). Plaintiff instituted this action against defendant, seeking monetary damages for personal injuries proximately caused by the negligence of defendant. The jury found that plaintiff's injuries were

proximately caused by the negligence of defendant and awarded damages to plaintiff of $300,000.00. The trial court entered judgment against only defendant. This judgment was based upon defendant's negligence and was a tort recovery.

The liability of Firemen's is based in contract, not in tort. It is undisputed that Firemen's was the UIM carrier for the vehicle that plaintiff was operating at the time of the accident and that plaintiff was an insured under Firemen's UIM coverage. Firemen's was notified of the pendency of this action, was afforded an opportunity to participate in this litigation, and in fact did participate in the litigation. Plaintiff does not dispute that the $202,627.58 paid by Firemen's was the correct computation of Firemen's liability to plaintiff under the UIM coverage of its policy.

Plaintiff's argument on appeal is that the computation of defendant's liability and the computation of Firemen's liability are two different calculations and that, while Firemen's contractual obligation under the UIM coverage has been discharged, defendant's tort liability has not been so discharged.

### B.  N.C. Gen. Stat. § 20-279.21

N.C. Gen. Stat. § 20-279.21 does not determine a defendant's responsibility to pay a judgment entered against him. N.C. Gen. Stat. § 20-279.21 is the principal statute governing automobile liability insurance policies in North Carolina, including minimum required policy amounts, uninsured motorist coverage, and underinsured motorist coverage. The provisions of this statute are deemed to be a part of every automobile insurance policy written in North Carolina and control over contrary provisions contained in such policies. *Corbett v. Smith*, 131 N.C. App. 327, 328-29, 507 S.E.2d 303, 304 (1998). Relevant provisions of this statute are as follows:

> Underinsured motorist coverage is deemed to apply when, by reason of payment of judgment or settlement, all liability bonds or insurance policies providing coverage for bodily injury caused by the ownership, maintenance, or use of the underinsured highway vehicle have been exhausted. . . .

> Underinsured motorist coverage is deemed to apply to the first dollar of an underinsured motorist coverage claim beyond amounts paid to the claimant under the exhausted liability policy.

> In any event, the limit of underinsured motorist coverage applicable to any claim is determined to be the difference between the

amount paid to the claimant under the exhausted liability policy or policies and the limit of underinsured motorist coverage applicable to the motor vehicle involved in the accident. . . .

In the event of payment, the underinsured motorist insurer shall be either: (a) entitled to receive by assignment from the claimant any right or (b) subrogated to the claimant's right regarding any claim the claimant has or had against the owner, operator, or maintainer of the underinsured highway vehicle, provided that the amount of the insurer's right by subrogation or assignment shall not exceed payments made to the claimant by the insurer.

N.C. Gen. Stat. § 20-279.21(b)(4) (2011).

Since Firemen's paid $202,627.58 into the office of the Clerk of Court for Forsyth County, and not to plaintiff directly, there would have been no "assignment" or subrogation receipt executed by plaintiff to Firemen's. However, under subsection (b) of this above-cited statute, Firemen's would be subrogated to plaintiff's right against defendant to the extent of its payment ($202,627.58). Because of this statutory right of subrogation, defendant cannot be entitled to a credit against the judgment for payments made by Firemen's as a UIM carrier. Since no party has raised the issue of whether Firemen's is estopped from seeking subrogation from defendant by adopting defendant's brief, we do not address that issue.

We further hold that the trial court's reliance upon *Manning*, *Austin*, and *Walker* was misplaced. Plaintiff correctly notes that the issue in each of these cases was the computation of the amount owed by a UIM carrier to its insured. Defendant was not a UIM carrier. Therefore, these cases and the provisions of N.C. Gen. Stat. § 20-279.21 are not relevant to the issue in this case: whether defendant is entitled to a credit for payments made by Firemen's.

We hold that defendant is not entitled to a credit for payments made by Firemen's into the Office of the Clerk of Superior Court for Forsyth County.

### C. N.C. Gen. Stat. § 1-239

"The party against whom a judgment for the payment of money is rendered by any court of record may pay the whole, or any part thereof, in cash or by check, to the clerk of the court in which the same was rendered[.]" N.C. Gen. Stat. § 1-239 (2011).

In this case, the judgment was entered only against defendant. It was not entered against Firemen's. By the plain language of N.C. Gen. Stat. § 1-239, defendant is responsible for satisfying the judgment entered against him.

The only payment to which defendant is entitled to a credit against the judgment is the $30,000.00 paid by State Farm, defendant's liability insurance carrier. As noted above, defendant is not entitled to a credit for the $202,627.58 paid by Firemen's.

### III. Motion to Compel

[2] In his next argument, plaintiff contends that the trial court erred in denying plaintiff's motion to compel production of Firemen's insurance policy and to compel disclosure of whether Firemen's agreed to waive its subrogation rights. We disagree.

As stated above, Firemen's was subrogated to the extent of its payments to plaintiff to a portion of plaintiff's judgment against defendant. N.C. Gen. Stat. § 20-279.21(b)(4). The statute providing for this subrogation right would control over the policy provisions. Whether Firemen's agreed to waive its subrogation rights as to defendant is a matter for resolution between Firemen's and defendant and is of no concern to plaintiff. Plaintiff received the $202,627.58 from Firemen's and has acknowledged the correctness of the amount of this payment.

We affirm the trial court's denial of plaintiff's motion to compel.

### IV. Conclusion

The trial court erred in declaring that the judgment against defendant had been paid and satisfied in full. The portion of the trial court's order so declaring is vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion. At such a hearing, the trial court may consider whether defendant is entitled to additional credits against the judgment, other than the $30,000.00 paid by State Farm.

REVERSED AND REMANDED IN PART, AFFIRMED IN PART.

Judges GEER and HUNTER, JR., Robert N. concur.