An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-713
NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

TERRY WAYNE WOOD,
        Plaintiff-Appellee,

v.                                      Forsyth County
                                        No. 09 CVS 3520

JEREMY NUNNERY, NORTH CAROLINA
FARM BUREAU MUTUAL INSURANCE
COMPANY and FIREMEN'S INSURANCE
COMPANY OF WASHINGTON, D.C.,
        Defendants-Appellants.


        Appeal by Defendant Jeremy Nunnery from order entered 11

February 2013 by Judge Edwin G. Wilson, Jr. in Superior Court,

Forsyth County.  Heard in the Court of Appeals 19 November 2013.


        *Maynard & Harris, Attorneys at Law, PLLC, by C. Douglas
        Maynard, Jr., for Plaintiff-Appellee.*

        *Van Laningham Duncan PLLC, by L. Cooper Harrell; Smith
        Moore Leatherwood LLP, by James G. Exum, Jr.; and Bennett &
        Guthrie, PLLC, by Rodney A. Guthrie and Roberta King
        Latham, for Defendant-Appellant Jeremy Nunnery.*

        *Pinto Coates Kyre & Bowers, PLLC, by Deborah J. Bowers, for
        North Carolina Association of Defense Attorneys, amicus
        curiae.*

        *Brown Moore & Associates, PLLC, by Jon R. Moore; and White
&       Stradley, PLLC, by J. David Stradley, for North Carolina
        Advocates for Justice, amicus curiae.*


        McGEE, Judge.

Terry Wayne Wood ("Plaintiff") was injured on 10 May 2006, in an automobile accident in Harnett County, as a result of the negligence of Jeremy Nunnery ("Defendant"). At the time of the accident, Plaintiff was driving a truck owned by Plaintiff's employer, in the course of his employment. Plaintiff filed a complaint on 30 April 2009 against Defendants North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau"), and Firemen's Insurance Company of Washington, D.C. ("Firemen's").

Farm Bureau was dismissed from the action and is not a party to this appeal. Firemen's is the underinsured motorist carrier for Plaintiff's employer. Defendant was insured at the time of the accident by State Farm Mutual Automobile Insurance Company ("State Farm").

At trial, the jury determined that Defendant's negligence caused Plaintiff's injuries, and awarded Plaintiff $300,000.00 in compensatory damages on 11 August 2010. The trial court entered judgment on 31 August 2010, directing that Plaintiff recover from Defendant damages in the amount of $300,000.00, along with interest at the statutory rate of eight percent (8%) from 30 April 2009. State Farm paid its policy limit of $30,000.00 into the office of the Clerk of Court of Forsyth County on 2 September 2010. Firemen's paid $202,627.58 into the

office of the Clerk of Court of Forsyth County on 13 September 2010, in fulfilment of its obligations as the underinsured motorist carrier. Plaintiff introduced evidence at trial that he had received workers' compensation benefits totaling more than $148,000.00. The amount of the lien of Plaintiff's employer's workers' compensation carrier was reduced, by agreement, to $50,000.00, leaving a net benefit in workers' compensation benefits of $98,000.00.

Defendant filed a motion for credit upon and satisfaction of the judgment on 1 December 2010. The trial court entered an order on 29 December 2010, ruling that the payments of $30,000.00 by State Farm, $202,627.58 by Firemen's, and $98,000.00 by Plaintiff's employer's workers' compensation carrier, a total amount of $330,627.58, constituted payment in full of the judgment and that the judgment was satisfied. Plaintiff appealed, and this Court entered an opinion on 7 August 2012 affirming in part and reversing and remanding in part. *Wood v. Nunnery*, __ N.C. App. __, 730 S.E.2d 222 (2012) (*Wood I*). In *Wood I*, and relevant to the current appeal, this Court stated:

> The trial court held that the $30,000.00 from State Farm, $202,627.58 from Firemen's, and the net benefit of $98,000.00 in workers' compensation benefits ($148,000.00 less the reduced lien of $50,000.00) constituted a recovery to . . . [P]laintiff

of at least $330,627.58. The trial court went on to hold that "the collective payments paid into the Office of the Clerk of Court of Forsyth County constitute full payment and satisfaction of the final Judgment entered herein."

*Id*. at __, 730 S.E.2d at 224. This Court went on to say:

We initially note that the trial court conflated the concepts of the amounts owed by [D]efendant as the tortfeasor in this matter and the amount owed by Firemen's as an underinsured motorist carrier (UIM). Plaintiff instituted this action against [D]efendant, seeking monetary damages for personal injuries proximately caused by the negligence of [D]efendant. The jury found that [P]laintiff's injuries were proximately caused by the negligence of [D]efendant and awarded damages to [P]laintiff of $300,000.00. The trial court entered judgment against only [D]efendant. This judgment was based upon [D]efendant's negligence and was a tort recovery.

The liability of Firemen's is based in contract, not in tort.

*Id*. at __, 730 S.E.2d at 224. This Court held that Defendant was not "entitled to a credit against the judgment for payments made by Firemen's as a UIM carrier." *Id*. at __, 730 S.E.2d at 225. We further held: "The only payment to which [D]efendant is entitled to a credit against the judgment is the $30,000.00 paid by State Farm, [D]efendant's liability insurance carrier." *Id*. at __, 730 S.E.2d at 226.

However, in remanding to the trial court, this Court instructed:

> The trial court erred in declaring that the judgment against [D]efendant had been paid and satisfied in full. The portion of the trial court's order so declaring is vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion. At such a hearing, the trial court may consider whether [D]efendant is entitled to additional credits against the judgment, other than the $30,000.00 paid by State Farm.

*Id*. at __, 730 S.E.2d at 226.

Upon remand, the trial court, by order entered 11 February 2013, ruled that Defendant was only entitled to a credit for the $30,000.00 paid by State Farm, his liability carrier, and that Defendant was not entitled to any credit for monies paid by either Firemen's or by the workers' compensation carrier. Defendant appeals the 11 February 2013 order.

In Defendant's first argument, he contends the trial court erred in "refusing to reduce the judgment against [him] to account for the UIM payment [made by Firemen's] and net workers' compensation benefits that were received by [Plaintiff] as compensation for his injuries." We disagree.

In the prior appeal in this case, this Court held: "We hold that [D]efendant is not entitled to a credit for payments made by Firemen's into the Office of the Clerk of Superior Court for Forsyth County." *Wood I*, __ N.C. App. at __, 730 S.E.2d at 225. We have no authority to revisit that holding. *Weston v.*

*Carolina Medicorp, Inc.*, 113 N.C. App. 415, 417, 438 S.E.2d 751, 753 (1994) (citations omitted) ("According to the doctrine of the law of the case, once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question both in subsequent proceedings in a trial court and on subsequent appeal.").

Less clear is the holding in *Wood I* concerning the workers' compensation payments made to Plaintiff. However, the *Wood I* opinion considered the credit given Defendant by the trial court for the net workers' compensation payout in stating: "The trial court held that . . . the net benefit of $98,000.00 in workers' compensation benefits ($148,000.00 less the reduced lien of $50,000.00) constituted a recovery to . . . [P]laintiff[.]" *Wood I*, __ N.C. App. at __, 730 S.E.2d at 224. The trial court then credited that amount (along with payments made by Firemen's and State Farm) against Defendant's recovery. This Court held that the trial court had erred, stating:

> We initially note that the trial court conflated the concepts of the amounts owed by defendant as the tortfeasor in this matter and the amount owed by Firemen's as an underinsured motorist carrier (UIM). Plaintiff instituted this action against [D]efendant, seeking monetary damages for personal injuries proximately caused by the negligence of [D]efendant. The jury found that [P]laintiff's injuries were proximately caused by the negligence of [D]efendant and awarded damages to [P]laintiff of

$300,000.00. The trial court entered judgment against only [D]efendant. This judgment was based upon [D]efendant's negligence and was a tort recovery.

The liability of Firemen's is based in contract, not in tort.

*Id.* at __, 730 S.E.2d at 224. Though this Court did not include the workers' compensation carrier in that discussion, its liability, like that of Firemen's, was in contract, not tort. Plaintiff instituted this action in tort against Defendant, not the workers' compensation carrier. In *Wood I*, this Court continued:

"The party against whom a judgment for the payment of money is rendered by any court of record may pay the whole, or any part thereof, in cash or by check, to the clerk of the court in which the same was rendered[.]" N.C. Gen. Stat. § 1-239 (2011).

In this case, the judgment was entered only against [D]efendant. It was not entered against Firemen's. By the plain language of N.C. Gen. Stat. § 1-239, [D]efendant is responsible for satisfying the judgment entered against him.

The only payment to which [D]efendant is entitled to a credit against the judgment is the $30,000.00 paid by State Farm, [D]efendant's liability insurance carrier.

*Id.* at __, 730 S.E.2d at 225-26. Though the workers' compensation payment is not specifically mentioned in this analysis, we find no distinguishing difference between the

relative positions of Firemen's and the workers' compensation carrier in this matter. Within this context, we hold that our holding in *Wood I*: "The only payment to which [D]efendant is entitled to a credit against the judgment is the $30,000.00 paid by State Farm, [D]efendant's liability insurance carrier[,]" *id.*, applied to all potential credits that had been argued on appeal, including the workers' compensation payment. The trial court, having found that Defendant was not entitled to any additional credits not addressed in *Wood I*, did not err in denying Defendant credit for payments made to Plaintiff by Firemen's or by the workers' compensation carrier.

Defendant's policy arguments are not for us to decide, as we are bound by this Court's holding in *Wood I*. The same applies to Defendant's collateral source argument.

Affirmed.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).