STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant, *v.* BONNIE PFANNEBECKER, Defendant-Appellee.

Fifth District   No. 78-92

Opinion filed October 5, 1978.

Michael J. Nester, of Donovan, Hatch & Constance, of Belleville, for appellant.

Robert W. Schmieder, of Wagner, Bertrand, Bauman & Schmieder, of Belleville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

State Farm Mutual Automobile Insurance Company, plaintiff in this cause, appeals from a judgment of the circuit court of St. Clair County in favor of the defendant, Bonnie Pfannebecker, in a declaratory judgment action. The judgment being appealed entitled Pfannebecker to receive uninsured motorist benefits contained in two insurance policies she held with State Farm as a result of bodily injuries suffered in an accident on September 6, 1975. The accident occurred on a baseball diamond in Pleasant View City Park in Belleville while she was a passenger in an uninsured vehicle commonly known as a "dune buggy."

State Farm filed a declaratory judgment action requesting the court to declare that Pfannebecker was not entitled to any of the uninsured motorist coverage available under the uninsured motorist provisions in the two policies. This action was based on contractual language in each of the policies which excluded from uninsured motorist coverage any "land motor vehicle designed for use principally off public roads except while being used on public roads * * *." State Farm contended that a dune buggy by its very nature was a vehicle designed principally for off-road use. Therefore, no coverage should have been allowed in light of the fact that the mishap involving such an off-road vehicle occurred in a city park and not on a public road.

Pfannebecker filed a counter declaratory judgment action asking the court to declare that she was entitled to receive uninsured motorist coverage under both policies as well as $1,000 under a medical pay provision in one of the policies. The trial court granted Pfannebecker the relief sought in her counterclaim.

The first issue raised on appeal is whether the vehicle in question was principally designed for use off public roads, thereby excluding it from uninsured motorist coverage under the insurance policies issued in this case. State Farm contends that a dune buggy by its very nature is a vehicle principally designed for off-road use. Due to the absence of Illinois case law on this point, State Farm relies on *Kansas Farm Bureau Insurance Co. v. Cool* (1970), 205 Kan. 567, 471 P.2d 352, in support for its contention. The Kansas Supreme Court in *Cool* held that the highly modified vehicle at issue in the case was exclusively an off-road vehicle and not an automobile for purposes of uninsured motorist coverage. Therefore, uninsured motorist coverage was denied. The following findings of fact were made by the Kansas court with respect to the design and construction of the vehicle in question:

> "The basic chassis was taken from an old three-quarter ton truck, the motor was an old Chevrolet motor, and the transmission was from a Chevrolet truck. It was open and unenclosed and the doors, sides and top had been removed. It was not equipped with a windshield; it had no headlights or taillights; it had no horn; it had no fenders on the front and tractor fenders had been mounted on the rear; there was no properly functioning speedometer or gas gauge; there was no hood or cowling over the motor; the front and rear axles had been moved forward about forty inches in order to put all the weight on the back wheels so the front wheels would not bury in the sand; a tractor gas tank had been mounted in front of the radiator; a heavy bar or piece of railroad rail about eight feet long and weighing ten to fifteen pounds per foot had been welded across the back where the frame had been cut off; large 1600 x 16 airplane bomber low pressure (5-7 psi) balloon tires had been placed on the back wheels; the springs had been removed between the real axle and the frame; and a sign on the rear of the dune buggy stated, 'Not responsible for accident.' " *(Kansas Farm Bureau Insurance Co. v. Cool* (1970), 205 Kan. 567, 569, 471 P.2d 352, 354.)

The court also noted that the vehicle was neither licensed nor titled because it could not meet the statutory requirements for use on the public roads of the State in which it was located.

We find *Cool* unpersuasive with respect to the case at bar for several reasons. It is evident that the dune buggy in which Pfannebecker had

been injured was cosmetically similar to the vehicle in *Cool.* Both vehicles had no doors, fenders or roof nor did they have a hood or cowling over the motor. However, mechanically the vehicles were very dissimilar. The dune buggy chassis had not undergone a major modification like the chassis of the vehicle in *Cool.* The dune buggy was also equipped with a functional speedometer and gas gauge as well as headlights, taillights and a horn. There was no evidence to suggest that the tires on the dune buggy were banned from public roads. In short, the dune buggy was equipped and licensed to be driven on public roads as well as off them. Thus, the most important distinction between the dune buggy and the vehicle in *Cool* was that only the dune buggy was licensed and titled for use upon public streets and roads. In *Cool,* the court's holding that the vehicle was designed principally for off-road use and was not an automobile for purposes of uninsured motorist coverage was academic in the sense that the vehicle could not meet the requisite mechanical statutory specifications for use on public roads. Its very construction and design necessarily limited the vehicle to off-road use. However, in the instant case, the dune buggy possessed off-road design characteristics and met on-road licensing and titling statutory requirements. Therefore, it was a dual-purpose vehicle as opposed to the single-purpose (off-road use) vehicle in *Cool.*

State Farm also argues that the intent of the owner of the dune buggy with respect to the type of use the vehicle would be put to also supported its contention that the dune buggy was principally designed for off-road use. The owner of the dune buggy, Leslie Moore, testified that he primarily used the dune buggy for climbing hills at a strip mine on weekends. We fail to see how the subjective intent of an operator of a vehicle can affect the design characteristics of the vehicle.

■■■ We hold that the evidence presented in this case does not establish conclusively that the dune buggy was designed "principally" for off-road use. The evidence at best demonstrated that the dune buggy was a dual-purpose vehicle, capable of both on-road and off-road use. The question now becomes whether a dual-purpose vehicle and a vehicle designed principally for off-road use are one and the same. A reasonable person could interpret the language "designed for use principally off public roads" to encompass only vehicles not normally used on public roads for transportational purposes such as farm tractors or bulldozers. State Farm, on the other hand, interpreted that clause to include dual-purpose vehicles such as the dune buggy in question. It is evident that the contract clause "designed for use principally off public roads" was subject to more than one reasonable interpretation. Therefore, it was ambiguous and should be construed in favor of the insured, Pfannebecker. (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312

N.E.2d 247.) Thus, the dune buggy could not have properly been excluded from uninsured motorist coverage under the policies issued by State Farm.

For the reasons stated above, we hold that the trial court properly declared Pfannebecker eligible to receive uninsured motorist coverage under the insurance policies issued to her by State Farm.

■ The second issue raised on appeal is whether the contract clause excluding from uninsured motorist coverage any "land motor vehicle designed for use principally off public roads" contravenes section 143a of the Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 755a). State Farm takes the position that any vehicle falling within the ambit of this contract clause is not a motor vehicle for purposes of section 143a. Under this rationale, any vehicle containing design and engineering features adapting it for off-road use could reasonably be included within the scope of vehicles designed principally for off-road use. Thus, four-wheel drive pickup trucks, jeep-type vehicles and two-wheel drive dune buggies could fall within the contract clause due to their off-road capabilities irrespective of their capacity to meet statutory licensing and titling requirements for use on public roads. The statutory protection against uninsured motorists afforded by section 143a is mandatory and cannot be diluted by unduly restrictive definitions. (*Smiley v. Estate of Toney* (1969), 44 Ill. 2d 127, 254 N.E.2d 440.) The purpose of section 143a is to provide a solution to the financially irresponsible motorist by compensating the innocent accident victim who was injured as a consequence of an uninsured motorist's negligence. (*Country Mutual Insurance Co. v. National Bank* (4th Dist. 1969), 109 Ill. App. 2d 133, 248 N.E.2d 299.) In controlling the obligations and rights of insurers, any limitation placed on the uninsured motorist coverage by the insurer should be liberally construed in favor of the policy holder. (*Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377.) Accordingly, we hold that where a contract clause in an insurance policy has the potential to exclude from its uninsured motorist coverage a motor vehicle capable of being licensed and titled for use upon public roads, such a clause is against public policy and is in contravention of section 143a.

⊙4 For the foregoing reasons, we find that the contract language which sought to exclude the dune buggy in which Pfannebecker was injured from its uninsured motorist coverage was invalid, and could not operate to deny Pfannebecker coverage.

Affirmed.

G. J. MORAN and KUNCE, JJ., concur.