808 P.2d 322

**WEST AMERICAN INSURANCE COMPANY, Plaintiff/Appellant,**

v.

**Susan Marie PIRRO, individually and as surviving spouse of the decedent Salvatore Anthony Pirro; Susan Marie Pirro, as guardian and conservator of the Estate of Rhonda Carmen Pirro, a minor, Defendants/Appellees.**

**No. 2 CA–CV 90–0115.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 15, 1990.

Review Denied April 23, 1991.

Ridenour, Swenson, Cleere & Evans by Robert E. Byrne and Robert R. Beltz, Phoenix, for plaintiff/appellant.

William M. Spence, Ltd. by William M. Spence, Phoenix, for defendants/appellees.

OPINION

HOWARD, Judge.

This is an appeal from an adverse judgment in a declaratory judgment action. The stipulated facts before the trial court disclose that Salvatore Anthony Pirro was killed while riding off the public roads in an unlicensed, unregistered, Volkswagen dune

buggy/sandrail vehicle designed mainly for use off the public roads. The vehicle was owned and operated by the decedent's brother-in-law.

■ The insurance policy issued to Pirro by appellant provides uninsured motorist coverage but expressly excludes the subject vehicle from this coverage by the following language:

However, "uninsured motor vehicle" does not include any vehicle or equipment:

\* \* \* \* \* \*

5. Designed mainly for use off public roads while not on public roads.

The trial court held that the exclusion was contrary to the public policy of the State of Arizona and granted judgment in favor of appellees. Appellant contends that the trial court erred in declaring the policy exclusion void. We agree and reverse.

Appellant contends that the case of *Chase v. State Farm Mutual Auto Insurance Co.*, 131 Ariz. 461, 641 P.2d 1305 (App.1982), governs the result in this case and mandates judgment in its favor. Appellees argued in the trial court and argue here that *Chase* has been overruled by *Calvert v. Farmers Insurance Co.*, 144 Ariz. 291, 697 P.2d 684 (1985). We do not agree.

In *Chase* the State Farm insured was injured when struck by an uninsured golf cart while he was inside the garage of a model home. The exclusion in the State Farm policy was virtually identical to the exclusion here, and the court held that the exclusion of coverage was not in conflict with the mandates of the Uninsured Motorist Act or the Uniform Motor Vehicle Safety Responsibility Act.

Appellees' reliance on *Calvert* is misplaced. The exclusion that is at issue here was not at issue in *Calvert*. In *Calvert* the decedent, Michael Calvert, was operating a motorcycle which was struck by an uninsured motor vehicle. Calvert was insured under the terms of Farmers' uninsured motorist coverage, and made claim thereunder. However, Farmers took the position that Calvert was not covered because he

sustained injuries while driving a motorcycle that was owned by either Michael or his father but that was not insured under the policy, which excluded such a vehicle under the "other vehicle" provision. The supreme court held that the exclusion was invalid as contrary to coverage mandated by the statute which controls uninsured motorist coverage. However, the "vehicle" referred to by the court is a vehicle intended to be operated on the highways. In contrast, the present case involves the insured and the uninsured motorist in the same, off-road vehicle.

It is noteworthy that the court in *Calvert* specifically overruled several cases but not only did not overrule the *Chase* case but cited it, with approval, for the proposition that the uninsured motorist statute is to "close the gap in protection under the Safety Responsibility Act." 144 Ariz. at 295, 697 P.2d at 688.

■ A.R.S. § 28–1251(A) provides: "Every motor vehicle *operated on any highway* in this state shall be covered by one of the following...." (Emphasis added.) In *Chase* the court held that the intent of the legislature and identity of subject matter of the Safety Responsibility Act and the Uninsured Motorist Act compel the conclusion that the two acts must be read in pari materia. Therefore, since liability insurance need only cover motor vehicles *operated on highways* and, since uninsured motorist coverage is intended to provide the reciprocal or mutual equivalent of automobile liability coverage under the Financial Responsibility Act and automobiles that are not intended to be operated on the highways need not be covered by liability insurance, it follows that excluding such vehicles from uninsured motorist coverage does not violate the public policy of the State of Arizona.

To hold otherwise would lead to absurd results. For example, we do not believe the legislature intended that the Safety Responsibility Act and the Uninsured Motorist Act would be applicable to Indianapolis race cars engaged in a race at Phoenix International Raceway.

Reversed with instructions to enter judgment in favor of appellant.

FERNANDEZ, C.J., and ROLL, P.J., concur.