JAMES ROBERTS, a Minor, by Cheryl Roberts, his Mother and Next Friend, *et al.*, Plaintiffs-Appellees, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Third District    No. 3—91—0597

Opinion filed July 9, 1992.

714

Karen L. Kendall and Timothy D. Seifert, both of Heyl, Royster, Voelker & Allen, of Peoria (Gary D. Nelson, of counsel), for appellant.

Nessler, Clark & Shay, of Peoria (Gary Clark, of counsel), for appellees.

.

JUSTICE GORMAN delivered the opinion of the court:

This action was brought by plaintiffs to recover under an insurance policy issued to them by defendant. On a motion for summary judgment, the trial court determined that the uninsured all-terrain vehicle (ATV) on which minor plaintiff was a passenger was covered as an uninsured motor vehicle under the policy and that defendant could not set off medical payments made against amounts payable under plaintiffs' uninsured motorist coverage. We affirm.

Defendant Country Mutual Insurance Company issued a policy to plaintiffs Cheryl and James Roberts which provided uninsured motorist coverage with limits of $100,000 and medical payments coverage with limits of $25,000. The policy defined "motor vehicle" as "[a] land motor vehicle designed for use principally on public roads." In the uninsured motorist provision, the policy stated that "uninsured motor vehicle" was "any type of motor vehicle or trailer to which a bodily injury liability bond or policy does not apply at the time of the accident." Moreover, in the same provision, it was set out that "an uninsured or underinsured motor vehicle does not include any motor vehicle which is a farm-type tractor or self-propelled equipment designed principally for use off public roads. This applies only while the equipment is not on public roads."

The policy also provided that "[a]mounts payable for damages under Uninsured Motorists coverage will be reduced by all sums paid under Medical Payments, Personal Injury Protection or Underinsured Motorists coverage of any personal vehicle policy issued by us."

On June 27, 1989, minor plaintiff James Roberts was injured while a passenger on an ATV, a "Yamaha Moto 4," which was driven by a friend of his. Plaintiffs sought uninsured motorist benefits under their policy. Defendant did not pay these benefits because it claimed that the ATV was not a "motor vehicle" under the policy definitions. Plaintiffs also sought benefits under the medical payment provision. Defendant paid plaintiffs $25,000, its maximum liability under that provision.

Plaintiffs filed a declaratory judgment action to determine the applicability of the policy to the uninsured motorist claim. Granting plaintiffs' motion for summary judgment, the trial court entered an order finding that the language of the policy defining "motor vehicle" was contrary to the statutory requirements of the Illinois Insurance Code. It also found that defendant may not set off medical payments made against amounts payable under plaintiffs' uninsured motorist

coverage if plaintiffs' total damages determined in arbitration should exceed $125,000.

The first issue raised for review is whether there is coverage for this ATV under the terms of the policy or by virtue of Insurance Code provisions.

■■ Under the general rule, in the absence of ambiguity, words in an insurance policy are to be given their plain and ordinary meaning. (*State Farm Mutual Automobile Insurance Co. v. Childers* (1977), 50 Ill. App. 3d 453, 365 N.E.2d 290.) This policy unambiguously excludes the ATV from coverage. The policy defines a "motor vehicle" as "a land motor vehicle designed for use principally on public roads." This definition controls when the policy defines "uninsured motor vehicle" as "any type of motor vehicle *** to which a bodily injury liability *** policy does not apply at the time of the accident." A Yamaha Moto 4, according to the owner's manual, is designed for off-road use only. It is not designed for use principally on public roads. Under the terms of this policy, plaintiffs' ATV is not a motor vehicle.

■ However, the real issue is not whether the ATV comes within the definition of uninsured motor vehicle contained in the policy, but whether the policy's exclusionary language violates section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 755a) and therefore is rendered unenforceable by section 442 of that Code (Ill. Rev. Stat. 1989, ch. 73, par. 1054).

With regard to uninsured motorist coverage, the Illinois Insurance Code sets forth the following:

> "[N]o policy *** insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of The Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." Ill. Rev. Stat. 1989, ch. 73, par. 755a.

The Insurance Code does not contain a definition of "motor vehicle." However, in *Hartford Accident & Indemnity v. Holada* (1970), 127 Ill. App. 2d 472, 262 N.E.2d 359, the Illinois Vehicle Code definition of "motor vehicle" was incorporated by reference into the insur-

ance statute. In accord with that case, we look to the Vehicle Code definition of "motor vehicle."

The Vehicle Code broadly defines "motor vehicle" as "[e]very vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails, except for vehicles moved solely by human power and motorized wheelchairs." (Ill. Rev. Stat. 1989, ch. 95½, par. 1—146.) This statute defines "motor vehicle" in such a way that it clearly includes this ATV.

If an ATV was not to be considered a motor vehicle for purposes of the uninsured motorist statute, the legislature could have provided an exclusion. Moreover, even the exception for farm equipment and off-road vehicles in the uninsured motorist statute applies only when those vehicles are, in fact, not being operated on public roads.

■ The second issue for review is whether the trial court erred in declaring that defendant is not entitled to set off medical payments made against payments for uninsured motorist coverage if plaintiff's damages, as determined in arbitration, exceed $125,000.

In *Glidden v. The Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247, the supreme court stated that setoffs apply only where necessary to prevent double exposure for medical payments. In that case, plaintiff's wife was struck and killed by an uninsured motorist. He sued his insurance company in a declaratory judgment action to construe the limits of coverage under his three automobile liability policies issued by defendant. The defendant contended that payments made under the medical payments provisions must be set off against the payments made under the uninsured motorist coverage. The supreme court disagreed and enunciated the rule stated above. We believe that the same rule is applicable in this instance. Moreover, if plaintiffs here are in a better position than if the uninsured driver had had the minimum limits, "[i]f there is to be a 'windfall' *** it should be to the insured, who paid the several premiums, rather than to the insurer, which collected them." *Greenawalt v. State Farm Insurance Co.* (1991), 210 Ill. App. 3d 543, 547, 569 N.E.2d 154, *aff'd* (1991), 139 Ill. 2d 595.

Affirmed.

BARRY, P.J., and SLATER, J., concur.