NOTICE

Decision filed 07/19/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210090-U

NO. 5-21-0090

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| CODY ENDICOTT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 20-MR-484 |
| | ) | |
| UTICA MUTUAL INSURANCE COMPANY, | ) | |
| d/b/a Founders Insurance Company, | ) | Honorable |
| | ) | Ronald J. Foster Jr., |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE WHARTON delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    In a declaratory judgment action involving the question of whether uninsured motorist coverage was required by statute for an on-road accident involving an all-terrain vehicle designed primarily for off-road use, genuine questions of material fact precluded judgment on the pleadings for either party where the record did not reveal whether the all-terrain vehicle was driving on the road lawfully, driving on the road unlawfully, or merely crossing at an intersection.

¶ 2    The plaintiff, Cody Endicott, was the named insured under a policy issued by the defendant, Utica Mutual Insurance Company, doing business as Founders Insurance Company. The plaintiff was riding his motorcycle when he was involved in a collision with an uninsured all-terrain vehicle (ATV) on a public highway. The defendant denied the plaintiff's claim for uninsured motorist coverage on the grounds that the ATV does not fall within the policy's definition of an "automobile" or an "uninsured automobile." The plaintiff filed a declaratory judgment action

1

pursuant to section 2-615(e) of the Code of Civil Procedure (735 ILCS 5/2-615(e) (West 2018)), seeking a declaration that the terms of the policy mandated coverage. The defendant filed a counterclaim for declaratory judgment. Both parties filed motions for judgment on the pleadings. The trial court granted the defendant's motion and denied the plaintiff's motion. We affirm the court's denial of the plaintiff's motion for judgment on the pleadings; however, we reverse the court's ruling granting the defendant's motion, and we remand for further proceedings.

¶ 3                                  I. BACKGROUND

¶ 4     At all relevant times, the plaintiff was a named insured on an automobile policy issued to him by the defendant. We note that the policy insured the plaintiff's 2005 Honda Civic, not the motorcycle he was riding at the time of the accident. However, there is no dispute that he was the named insured under the policy.

¶ 5     The Founders policy issued to the plaintiff included uninsured motorist coverage for "all sums to which the insured or his legal representative shall be legally entitled to recover as damages, excluding sums awarded as punitive or exemplary damages *** caused by accident and arising out of the ownership, maintenance, or use of such uninsured automobile." Part I of the policy defines an "automobile" as "a four wheel land motor vehicle which is designed for use principally on public roads and which meets the requisite mechanical statutory specifications for use upon public roads." Part IV of the policy, which governs uninsured motorist coverage, incorporates this and other definitions found in Part I. Part IV defines an "uninsured automobile" as "an automobile or trailer with respect to the ownership, maintenance, or use of which there is *** no bodily liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile." Part IV of the policy further

provides that "the term 'uninsured automobile' shall not include \*\*\* a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads."

¶ 6     On April 16, 2019, the plaintiff was involved in an accident on a public road in Pontoon Beach, Illinois. He alleges that Kenneth Turcott negligently operated his ATV, causing a collision between the ATV and the plaintiff's motorcycle. On February 19, 2020, Turcott's insurance carrier, Lighthouse Casualty Company, denied coverage on the basis that the ATV did not meet his policy's definition of a "private passenger automobile" and was therefore not covered. Thereafter, the plaintiff made a claim for uninsured motorist coverage under his policy with the defendant.

¶ 7     On September 20, 2019, the defendant sent the plaintiff a letter denying his claim. The letter explained that the ATV involved in the accident does not fit within the policy's definition of an "automobile" or an "uninsured automobile."

¶ 8     On April 23, 2020, the plaintiff filed his complaint for declaratory judgment. He alleged that Turcott negligently collided his ATV with the plaintiff's motorcycle and that Turcott was an uninsured motorist "as evidenced by" the letter from Turcott's insurance company denying coverage. The plaintiff argued that he was entitled to uninsured motorist coverage under the express terms of the policy. He requested a declaratory judgment finding that he was entitled to coverage.

¶ 9     On October 14, 2020, the defendant filed a counterclaim for declaratory judgment. The defendant argued that because an ATV is not an "automobile" as defined under the express terms of the policy, Turcott's ATV was not an "uninsured automobile." As such, the defendant argued, it did not owe a duty to the plaintiff to provide uninsured motorist coverage for the accident at issue. It sought a declaratory judgment to that effect.

3

¶ 10    On November 3, 2020, the plaintiff filed a motion for judgment on the pleadings. He first argued that the express language of the policy required coverage. He further argued that the policy must be construed in light of the public policy expressed in section 143a of the Illinois Insurance Code (215 ILCS 5/143a (West 2016)). He argued that the statute mandates coverage for all "motor vehicles," and that an ATV is a "motor vehicle" when operated on a public highway, whether such operation is legal or not.

¶ 11    On December 3, 2020, the defendant filed its own motion for judgment on the pleadings. The defendant reiterated its earlier arguments concerning the limitations on coverage in the express policy language. It further argued that the applicable statute mandates uninsured motorist coverage only for uninsured vehicles designed for use on public roadways, and it noted that an ATV, by definition, is designed for off-road use rather than for use on public highways. See 625 ILCS 5/1-101.8, 11-1426.1(a)(1) (West 2016).

¶ 12    On December 14, the court entered an order denying the plaintiff's motion and granting the defendant's motion. The court first noted that the parties now agreed that there was no coverage under the express terms of the policy because "the ATV does not fall within the policy's definition of an automobile."[1] The court framed the issue before it as whether the applicable statute requires uninsured motorist coverage when an uninsured ATV is involved in a collision on a public road. In answering that question, the court considered this court's decision in *Insura Property & Casualty Co. v. Steele*, 344 Ill. App. 3d 466 (2003), and the Third District's decision in *Roberts v. Country Mutual Insurance Co.*, 231 Ill. App. 3d 713 (1992). The trial court reasoned that the

---

[1]We note that the defendant noticed the matter for a hearing; however, no transcript or bystander's report appears in the record. We presume that a hearing took place and that the plaintiff conceded at the hearing that the policy unambiguously excluded coverage, as no such concession appeared in his pleadings. On appeal, the plaintiff does not argue that the express policy language is ambiguous or provides coverage.

4

holding in *Insura* "appears to be on point, and directs this Court to find in favor of the defendant and against the plaintiff." The court explained that it found the instant case analogous to *Roberts*, where the appellate court found that uninsured motorist coverage was mandated by statute (see *Roberts*, 231 Ill. App. 3d at 717), but that the *Insura* court had found that a statutory amendment would have changed the result of *Roberts* (see *Insura*, 344 Ill. App. 3d at 470 (accepting the insurance company's argument that the amendment would have changed the result in *Roberts*)).

¶ 13    The plaintiff filed a motion to vacate, amend, or reconsider the court's ruling on January 12, 2021. He argued that *Insura* is distinguishable from this case because *Insura* involved an accident that took place off-road. He also pointed to cases holding that insurance policies must provide coverage for potential dual-use vehicles—that is, for vehicles that may be used on or off road. See *Economy Fire & Casualty Co. v. Stevens*, 99 Ill. App. 3d 1006 (1981); *State Farm Mutual Automobile Insurance Co. v. Pfannebecker*, 64 Ill. App. 3d 582 (1978).[2]

¶ 14    The court denied the plaintiff's motion to vacate, amend, or reconsider its earlier ruling on March 12, 2021. This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16    A motion for judgment on the pleadings is similar to a motion for summary judgment, but it is limited to the pleadings. *Direct Auto Insurance Co. v. Merx*, 2020 IL App (2d) 190050, ¶ 11. Judgment on the pleadings should be granted only if the allegations and admissions contained in the pleadings reveal that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *State Farm Fire & Casualty Co. v. Tillerson*, 334 Ill. App.

_____

[2]We note that *Stevens* involved liability insurance and was decided entirely based on an interpretation of the express language of the policy. *Stevens*, 99 Ill. App. 3d at 1008, 1010. *Pfannebecker* was likewise decided primarily based on the express policy language (see *Pfannebecker*, 64 Ill. App. 3d at 585), although the court also went on to consider whether coverage was required by the public policy behind the statutory requirement of uninsured motorist coverage (*id.* at 586). We further note that both cases were decided before the statutory amendment discussed in *Insura*.

3d 404, 407 (2002). In determining whether the moving party is entitled to judgment, courts must consider all well-pled facts in the nonmoving party's pleadings to be admitted along with any fair inferences to be drawn from those facts. *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 158 (2010). "We must also examine the pleadings to determine whether a genuine issue of material fact exists, and if we find no such issue, then we determine if the matter at issue can be resolved solely as a matter of law." *Tillerson*, 334 Ill. App. 3d at 407. Our review of a trial court's ruling on a motion on the pleadings is *de novo*. *O'Donnell*, 239 Ill. 2d at 157; *Pekin Insurance Co. v. Wilson*, 391 Ill. App. 3d 505, 509 (2009). We note that the question of whether policy provisions violate the applicable statutory requirements is a question of law, which we also review *de novo*. *Merx*, 2020 IL App (2d) 190050, ¶ 15.

¶ 17    On appeal, the plaintiff concedes that the express language of the policy excludes coverage for accidents involving ATVs. He argues, however, that the court erred in finding that the policy comports with section 143a of the Insurance Code (215 ILCS 5/143a (West 2016)). He contends that the court should have found, as a matter of law, that coverage is required by statute. For the reasons that follow, we find that there are genuine questions of material fact that must be resolved in order to determine whether the policy provision contravenes the applicable statute under the circumstances of this case.

¶ 18    The terms of an automobile insurance policy must comply with the statutory requirements in effect at the time the policy is issued. *Thounsavath v. State Farm Mutual Automobile Insurance Co.*, 2018 IL 122558, ¶ 30. Policy provisions also may not "circumvent the underlying purpose" of these statutory requirements. *Id.* ¶ 17. Any policy provisions that conflict with statutory requirements are void and cannot be enforced. *Id.*

6

¶ 19    Statutory provisions governing automobile insurance policies can be found in both the Illinois Vehicle Code and the Illinois Insurance Code. See *Insura*, 344 Ill. App. 3d at 471. The Vehicle Code mandates liability insurance coverage for all vehicles designed to be used on public highways. 625 ILCS 5/7-601(a) (West 2016). The purpose of this requirement is to protect the public by securing payment of any damages arising out of automobile accidents. *Thounsavath*, 2018 IL 122558, ¶ 18.

¶ 20    The Insurance Code mandates that automobile liability insurance policies include uninsured motorist coverage. Specifically, section 143a provides that "[n]o policy insuring against loss resulting from liability imposed by law for bodily injury or death *** arising out of the ownership, maintenance or use of a motor vehicle that is designed for use on public highways" may be issued or renewed unless it includes uninsured motorist coverage to protect individuals insured under the policy "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles." 215 ILCS 5/143a(1) (West 2016). The purpose of uninsured motorist coverage is to place the insured in the position he or she would have been in had the uninsured driver carried at least the minimum required insurance. *Merx*, 2020 IL App (2d) 190050, ¶ 22.

¶ 21    The Insurance Code also mandates that automobile insurance policies covering vehicles "designed for use on public highways" include underinsured motorist coverage. 215 ILCS 5/143a-2(4) (West 2016). Underinsured motorist coverage applies when a tortfeasor is insured, but with policy limits lower than the policy limits purchased and bargained for by the insured. The purpose of this type of coverage is to put the insured in the position he or she would be in if the underinsured motorist carried insurance with the same policy limits as the insured. *Thounsavath*, 2018 IL 122558, ¶ 25.

7

¶ 22    Liability, uninsured motorist, and underinsured motorist coverage work together to " 'serve the same underlying public policy: ensuring adequate compensation for damages and injuries sustained in motor vehicle accidents.' " *Id.* ¶ 26 (quoting *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 58 (2011)). It is with these purposes in mind that we turn our attention to the cases relied upon by the trial court—*Roberts* and *Insura*.

¶ 23    The plaintiff in *Roberts* was injured while riding as a passenger on an uninsured ATV. His parents' automobile insurance policy had an uninsured motorist provision that excluded from its definition of uninsured automobiles " 'any motor vehicle which is a farm-type tractor or self-propelled equipment designed principally for use off public roads.' " *Roberts*, 231 Ill. App. 3d at 715. It provided, however, that this exclusion " 'applies only while the equipment is not on public roads.' " *Id.* The insurance company refused to provide uninsured motorist coverage, stating that the ATV was not an uninsured motor vehicle under the policy's definition because of this exclusion. *Id.*

¶ 24    The plaintiff and his parents filed a declaratory judgment action seeking a declaration that the coverage applied. The trial court granted summary judgment in their favor, finding that the language excluding ATVs from coverage contravened the statutory requirement to provide uninsured motorist coverage. *Id.*

¶ 25    The appellate court affirmed that ruling. *Id.* at 717. The court found that the policy exclusion ran afoul of the version of section 143a of the Insurance Code then in effect. *Id.* at 716-17. It explained that "[i]f an ATV was not to be considered a motor vehicle for purposes of the uninsured motorist statute, the legislature could have provided an exclusion." *Id.* at 717.

¶ 26    Eleven years later, in *Insura*, this court considered a factually similar situation after a statutory amendment. There, as in *Roberts*, the defendant was injured while riding as a passenger

8

on an ATV that was being used off-road. *Insura*, 344 Ill. App. 3d at 468. She was a named insured under an automobile policy issued to her parents. *Id.* Unlike this case or *Roberts*, the ATV did carry liability insurance. However, because its policy limits were lower than the limits on the Steeles' automobile insurance policy, the defendant sought underinsured motorist coverage under her parents' policy. *Id.*

¶ 27    The policy excluded from its definition of an underinsured motor vehicle " 'any vehicle or equipment *** [d]esigned mainly for use off public roads while not upon public roads.' " *Id.* The insurance company filed a declaratory judgment action requesting a determination that pursuant to this language, it had no obligation to provide underinsured motorist coverage for the ATV accident. *Id.* The trial court ruled in favor of the defendant. *Id.* at 468-69.

¶ 28    On appeal, the defendant relied heavily on *Roberts* in support of her position that the Insurance Code mandated coverage. *Id.* at 469-70. This court explained, however, that a subsequent statutory amendment would have changed the result of *Roberts*. *Id.* at 470. Specifically, we noted that the legislature had added language to the uninsured motorist statute providing that " '[n]o policy *** [on] a motor vehicle that is designed for use on public highways' may be issued or renewed without uninsured-motorist coverage." *Id.* (quoting 215 ILCS 5/143a(1) (West 2000)). We noted that the same legislation that added this language to the uninsured motorist statute also added the same phrase to the underinsured motorist statute at issue in *Insura*. *Id.* (citing Pub. Act 86-841, § 1 (eff. Jan. 1, 1990)). We found that the addition of this language to both statutes evinced a legislative intent *both* to limit the applicability of the statutes' requirements to "policies providing liability coverage to highway-use vehicles" *and* "to limit the type of vehicle for which uninsured- and underinsured-motorist coverages must be included to the same class of vehicle." *Id.* at 470-71.

9

¶ 29    We reached this conclusion based on an examination of the public policy goals behind the mandatory insurance provisions in the Vehicle Code and the Insurance Code. We explained that while the Vehicle Code mandates liability insurance for vehicles designed for use on public highways, "there is no requirement that vehicles not falling into this category be insured." *Id.* at 471-72. We reasoned that "[b]ecause underinsured-motorist protection is meant to fill in a gap left by mandatory liability insurance [in amounts lower than the insured's own policy limits], it would make no sense to interpret the statute to mandate that such coverage be provided to cover vehicles for which even basic liability insurance is not required." *Id.* at 472.

¶ 30    We also pointed out that "the exclusion in the Steeles' Insura policy, by its own terms," was inapplicable to off-road vehicles when they were being used on public roads. *Id.* We observed that the underinsured motorist provision thus provided "adequate protection from the type of harm the underinsured-motorist statute was meant to address." *Id.* The plaintiff points to this statement in arguing that the instant case is distinguishable from *Insura* because the accident involved here took place on a public highway and the policy excluded coverage for off-road vehicles even while being used on public highways. We agree that these are significant distinctions. We note, however, that in *Insura*, we did not determine whether—or under what circumstances—uninsured motorist coverage would be statutorily required for on-road use of off-road vehicles. That question was not before us. We therefore turn our attention to additional statutory insurance requirements which were not pertinent in *Insura*.

¶ 31    As the defendant correctly points out, an ATV is expressly included in the Vehicle Code's statutory definition of a "non-highway vehicle." 625 ILCS 5/11-1426.1(a)(1) (West 2016). Non-highway vehicles are generally prohibited from being used on public highways. *Id.* § 11-1426.1(b). There are, however, exceptions to this general rule. Any non-highway vehicle may be operated on

10

a public highway if it being used in farming operations. *Id.* § 11-1426.1(h). Any non-highway vehicle may be operated on a public road with posted speed limits of 35 miles per hour or less if such use has been authorized by a local ordinance. *Id.* § 11-1426.1(b), (d). Such vehicles must, however, be equipped with certain safety features, such as brakes, tires, rear view mirrors, steering mechanisms, brake lights, and turn signals (*id.* § 11-1426.1(e)), although non-highway vehicles used in farming operations are exempt from most of these requirements (*id.* § 11-1426.1(h)). Finally, any non-highway vehicle may cross a road or street at an intersection. *Id.* § 11-1426.1(b).

¶ 32    With the exception of non-highway vehicles used in farming, "[a]ny person who operates a non-highway vehicle on a street, highway, or roadway shall be subject to the mandatory insurance requirements" of the Vehicle Code. *Id.* § 11-1426.1(g). Although off-road vehicles used in farming operations are exempt from this requirement, they are nevertheless required to carry some form of insurance in the amount required for highway-use vehicles under the Vehicle Code. *Id.* § 11-1426.1(h).

¶ 33    These provisions, considered together, are clearly intended to ensure that any vehicle lawfully operated on Illinois's public roads carries some form of insurance equivalent to the automobile liability insurance required for vehicles designed to be used primarily on public highways, even vehicles that would not be required to carry insurance if used off-road. Thus, unlike the circumstances present in *Insura*, the policy behind requiring uninsured motorist coverage may be thwarted by provisions excluding coverage for non-highway vehicles while they are lawfully operating on public highways.

¶ 34    Due to the limited record available in this case, it is impossible to determine whether the exclusionary language in the policy issued to the plaintiff by the defendant in this case thwarts this public policy. The record does not reveal whether Turcott was driving on a public highway, as

authorized by section 1426.1(d) and local ordinance, or merely crossing an intersection. The record does not reveal whether such an ordinance existed, and it does not reveal whether the ATV complied with the mechanical requirements for use on a public roadway. The record is likewise silent on whether Turcott was using the ATV for farming purposes. Without this information, we cannot determine what, if any, insurance requirements were applicable to the ATV. Because uninsured motorist coverage is meant to protect policyholders by placing them in the position they would be in if the uninsured driver carried the liability insurance minimally required by law, we also cannot conclude as a matter of law either that such coverage is mandated under the Insurance Code or that such coverage is not mandated. As such, we find that judgment on the pleadings was not proper for either party.

¶ 35                                    III. CONCLUSION

¶ 36     For the foregoing reasons, we conclude that neither party was entitled to judgment on the pleadings. We therefore affirm the portion of the court's ruling denying the plaintiff's motion for judgment on the pleadings. However, we reverse the court's ruling granting the defendant's motion for judgment on the pleadings, and we remand for further proceedings.


¶ 37     Affirmed in part and reversed in part; cause remanded for further proceedings.